**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:25-cv-81443-BER**

PATRICIA CAVALLARO-KEARINS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

MODERNIZING MEDICINE, INC.,

Defendant.

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees and Costs [ECF No. 28],[1] filed on October 2, 2026, requesting entry of an order: (1) granting Final Approval of the Settlement; (2) certifying the Settlement Class for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (3) affirming the appointments of the Plaintiff as the Class Representative, Class Counsel, and the Settlement Administrator; (4) awarding attorneys' fees and costs; (5) approving payment of the Settlement Administration Costs; (6) overruling timely objections, if any; and (7) dismissing the Action with prejudice as to the Defendant and reserving jurisdiction over Settlement implementation. I construe the Motion for Final Approval [ECF No. 28] as a Motion to Dismiss under Federal Rule of Civil Procedure 41(a)(2) with the following conditions. The Court held a hearing on the Motion for Final Approval on November 17, 2026.

[1] All capitalized terms have the same meanings as those defined in Section II of the Settlement Agreement attached to the Motion for Final Approval as Exhibit A. *See* ECF No. 28-1.

Having already analyzed the Settlement in entering the Preliminary Approval Order, and having again carefully reviewed the Motion for Final Approval, the proposed Settlement and its exhibits, all relevant filings, the record, and the argument from the Parties' counsel, the Court finds the Settlement Class should be finally certified, the Settlement satisfies the Final Approval criteria, and the Application for Attorneys' Fees and Costs should be granted. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as addressed below.

## BACKGROUND

The relevant procedural and factual background of this Action is detailed in the Motion for Final Approval and therefore will not be restated. The Parties have agreed to settle the Action on a classwide basis. The Settlement provides monetary relief that includes a non-reversionary all-cash Settlement Fund of $2,999,750.00. It provides valuable Settlement Class Member Benefits including the ability of Settlement Class Members to submit a claim for two years of Medical Data Monitoring and Cash Payment A – Documented for up to $5,000.00 of documented losses or Cash Payment B – Alternate Payment estimated to be $75.00. The Settlement Fund will be used to pay: (i) all Settlement Class Member Benefits; (ii) any attorneys' fees and costs awarded by the Court to Class Counsel; and (iii) all Settlement Administration Costs.

Plaintiff sought Preliminary Approval of the Settlement on behalf of the proposed Settlement Class. ECF No. 16. The Court entered the Preliminary Approval Order, granting the Motion for Preliminary Approval, conditionally certifying the Settlement Class, finding it was likely to grant Final Approval, and approving a comprehensive Notice Program and Claim Process. ECF No. 26. Following entry of the Preliminary Approval Order, the Parties and the Settlement Administrator implemented and completed the Notice Program. The Claim Form Deadline was November 2, 2026.

The Court has jurisdiction over the Action and to consider the Motion and the relief requested in accordance with 28 U.S.C. §§ 1332(d) and 1367. Defendant has fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

Having completed the Notice Program, Plaintiff and Class Counsel filed the Motion for Final Approval and Application for Attorneys' Fees and Costs. Only two Settlement Class Members, Peter S. Denison and Anthony W. Andruk, have opted-out of the Settlement. Those Settlement Class Members will not be bound by the Settlement or Releases. No objections were submitted by Settlement Class Members.

**LEGAL STANDARDS FOR CLASS SETTLEMENT APPROVAL**

It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp*., 238 F.R.D. 664, 671 (S.D. Fla. 2006) (cleaned up). "There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." *Id*. (citing *Bennett v. Behring Corp*., 737 F.2d 982 (11th Cir. 1984)). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e*., all Federal Rule of Civil Procedure 23(a) factors and at least one subsection of Federal Rule of Civil Procedure 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *See id*. at 672.; *see also Diakos v. HSS Sys., LLC*, 137 F. Supp. 3d 1300, 1306 (S.D. Fla. 2015) (explaining a court evaluates whether certification of a settlement class is appropriate under Rule 23(a) and (b)); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

If certification of a settlement class is appropriate, a court then determines if the proposal

is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To do so, the Court considers whether the following factors are met:

> (A) the class representative and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> (i) the costs, risks, and delay of trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

*Id.* Furthermore, the Eleventh Circuit "instruct[s] district courts to consider several additional factors called the *Bennett* factors." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021) (citing *Bennett*, 737 F.2d at 986). These additional factors are (a) "there was no fraud or collusion in arriving at the settlement," and (b) the settlement was fair, adequate and reasonable, considering (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett*, 737 F.2d at 986 ("*Bennett* factors").

Courts have substantial discretion in approving a settlement agreement, *id.*, and settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See* Manual for Compl. Lit., Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (cleaned up).

### A. Final Certification of the Settlement Class and Final Approval Is Warranted.

The Court already determined it was likely to certify the Settlement Class and grant Final Approval of the Settlement in the Preliminary Approval Order. ECF No. 26. The Court now finds, for settlement purposes only, that it should finally certify the Settlement Class and enter this Final Approval Order because the Settlement Class and proposed Settlement satisfy the Rule 23(a), 23(b)(3), and 23(e) requirements and the *Bennett* factors.

Nothing has changed since the Court granted Preliminary Approval. The Court affirms its findings that the Settlement Class meets the relevant requirements of Rule 23(a) and (b)(3) for only the purposes of the Settlement in that (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiff are typical of the claims of the Settlement Class Members; (4) the Plaintiff is an adequate representative for the Settlement Class, and has retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual members of the Settlement Class; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Plaintiff also has Article III standing. The Court therefore finally certifies the following Settlement Class:

> **Settlement Class**: All living individuals residing in the United States who were sent a notice of the Data Incident indicating their Private Information was impacted in the Data Incident.
>
> Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendant, or their respective subsidiaries and affiliated companies; (2) governmental entities; (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (4) any member of the Settlement Class that timely and validly opt-outs of the Settlement.

In finding the Settlement fair, reasonable, and adequate, applying the Rule 23(e)(2) and

*Bennett* factors, the Court has also considered that there were no objections to the Settlement, and only two opt-outs, indicating an overwhelmingly positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

**B. <u>Appointment of Class Representatives and Class Counsel Is Appropriate.</u>**

For the reasons discussed in the Preliminary Approval Order and above, the Court finds that the Plaintiff has adequately represented the Settlement Class Members throughout this Action. The Court therefore designates and appoints Plaintiff as the Class Representative.

Rule 23(g)(1)(A)'s four factors for appointing class counsel for a certified class are: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.*

The Court finds Class Counsel have expended a reasonable amount of time, effort, and expense investigating the Data Incident and in litigating this Action. Further, it is clear from their track record of success, as observed when they were appointed Class Counsel for the Settlement Class, that Class Counsel are highly skilled and knowledgeable concerning class action practice. Therefore, for purposes of the Settlement only, and pursuant to Rule 23(g)(1), the Court appoints Mariya Weekes, Jeff Ostrow, and Raina Borrelli as Class Counsel to act on behalf of the Settlement Class with respect to the Settlement. They are experienced and competent counsel, have adequately protected the interests of the Settlement Class Members, and will continue to do so.

### C. **The Notice Program Was Properly Administered.**

Notice of a proposed settlement must be the "best notice practicable." Fed. R. Civ. P. 23(c)(2)(B). The best notice practicable is that which "is reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Having considered the results of the Notice Program implementation, the Court now finds the form, content, and method of giving notice to the Settlement Class Members as described in the Notice Program, including the forms of Postcard Notice and Long Form Notice, Settlement Website, Settlement telephone line for frequently asked questions, and Claim Form was (a) the best practicable notice to the Settlement Class Members; (b) reasonably calculated, under the circumstances, to apprise to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement, the effect of the proposed Settlement (including the Releases contained therein), and their rights under the proposed Settlement, including the right to opt-out of or to object to the proposed Settlement and appear at the Final Approval Hearing; (c) reasonable and constituted due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) written in plain language, using simple terminology, and designed to be readily understandable by Settlement Class Members. Accordingly, the Notice Program satisfied the Rule 23(c)(2)(B) and due process requirements.

Fed. R. Civ. P. 23 (h)(1) further requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." The Notice Program satisfied that requirement, as it notified the Settlement Class Members that Class Counsel will apply to the Court for an award of attorneys' fees of up to

one-third of the Settlement Fund, plus reimbursement of costs.

Upon final review, the Court finds the proposed Settlement is fair, reasonable, and adequate; the Settlement Class is certified for Settlement purposes; and the Notice Program satisfied the requirements of Rule 23 and due process. Accordingly, Final Approval is granted.

**ATTORNEYS' FEES AND COSTS AWARD**

Pursuant to the Settlement and the Notices, and consistent with recognized class action practice and procedure, the Court hereby awards $999,916.66 for attorneys' fees, which is equal to one-third of the $2,999,750.00 Settlement Fund, and $17,994.40 for reasonable litigation costs. Class Counsel shall determine the allocation of attorneys' fees to all Plaintiff's counsel.

The requested attorneys' fee award is within the range of reason under the factors listed in *Camden I Condo. Ass'n. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974));[2] *see also In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-MD-03090, 2025 WL 2675178, at *13 (S.D. Fla. Sept. 17, 2025); *In re Fortra File Transfer Software Data Security Breach Litig.*, No. 24-MD-03090-RAR, 2025 WL 457896, at *11 (S.D. Fla. Feb. 11, 2025). It is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to

[2] The factors include: (1) the time and labor required; (2) the novelty and difficulty of the relevant questions; (3) the skill required to properly carry out the legal services; (4) the preclusion of other employment by the attorney as a result of his acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the clients or the circumstances; (8) the results obtained, including the amount recovered for the clients; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the clients; and (12) fee awards in similar cases. *Camden I*, 946 F.2d at 772 n.3. "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Camden*, 946 F.2d at 775.

attorneys' fees based upon the benefit obtained. *Camden I*, 946 F.2d at 771; *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Fortra*, 2025 WL 2675178, at *13; *Fortra*, 2025 WL 457896, at *11. The common benefit doctrine is an exception to the general rule that each party must bear its own litigation costs. "The doctrine serves the 'twin goals of removing a potential financial obstacle to a plaintiff's pursuit of a claim on behalf of a class and of equitably distributing the fees and costs of successful litigation among all who gained from the named plaintiff's efforts.'" *Gevaerts v. TD Bank, N.A.*, No. 11:14-cv-20744, 2015 WL 6751061, at *10 (S.D. Fla. Nov. 5, 2015) (citation omitted). "The common benefit doctrine stems from the premise that those who receive the benefit of a lawsuit without contributing to its costs are 'unjustly enriched' at the expense of the successful litigant." *Id.* (citing *Van Gemert*, 444 U.S. at 478).

"As a result, the Supreme Court, the Eleventh Circuit, and courts in this District [including in this MDL] have all recognized that '[a] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as whole.'" *See Fortra*, 2025 WL 2675178, at *13 (citing *Fortra*, 2025 WL 457896, at *12 (quoting *Gevaerts*, 2015 WL 6751061, at *10) (citations omitted)); *see also Camden I*, 946 F.2d at 771 ("Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval."). Courts have also recognized that appropriate fee awards in cases such as this encourage redress for wrongs caused to entire classes of persons and deter future misconduct of a similar nature. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980). Further, "[a]dequate compensation promotes the availability of counsel for aggrieved persons." *Millstein v. Holtz*, No. 21-CV-61179, 2022 WL 18024840, at *8 (S.D. Fla. Dec. 30, 2022) (citation omitted); *Fortra*, 2025 WL 2675178, at *13; *Fortra*, 2025 WL 457896, at *12.

In the Eleventh Circuit, class counsel are awarded a percentage of the funds obtained through a settlement. In *Camden I* – the controlling authority regarding attorneys' fees in common-fund class actions – the Eleventh Circuit held that "the percentage of the fund approach [as opposed to the lodestar approach] is the better reasoned in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I*, 946 F.2d at 774; *Fortra*, 2025 WL 2675178, at *14; *Fortra*, 2025 WL 457896, at *12.

The value of monetary and non-monetary relief may be considered in evaluating the attorneys' fee award to class counsel. *Poertner v. Gillette Co*., 618 F. App'x 624, 628 (11th Cir. 2015). "When the non-cash relief can be reliably valued, courts often include the value of this relief in the common fund and award class counsel a percentage of the total fund." *In re: Checking Acct. Overdraft Litig.*, 1:09-MD-02036-JLK, 2013 WL 11319391, at *13 (S.D. Fla. Aug. 5, 2013). When analyzing the value of non-monetary benefits, courts should consider changes to a defendant's business practices. *See Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1243-44 (11th Cir. 2011) (portion of fee properly allocated to compensation for "non-monetary benefits [counsel] achieved for the class—like companywide policy changes . . .").

The Settlement Class Member Benefits include Medical Data Monitoring, Cash Payments, Security Enhancements, Settlement Administration Costs, and attorneys' fees and costs. But for the Settlement, the Settlement Class would not receive any of these Settlement Class Member Benefits. Class Counsel is directly responsible for delivering the valuable benefits to the Settlement Class.

The Court has discretion in determining the appropriate fee percentage. "There is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee

because the amount of any fee must be determined upon the facts of each case." *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001) (quoting *Camden I*, 946 F.2d at 774). Here, the attorneys' fee request falls within this accepted range. *See, e.g., Fortra*, 2025 WL 2675178, at *14 (citing *Fortra*, 2025 WL 457896, at *12, and *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994-RAR, 2024 WL 4415214 (S.D. Fla. Oct. 5, 2024) (district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common fund settlement)). *See also, e.g.*, *In re Checking Account Overdraft Litig.*, No. 1:09-MD-02036-JLK, 2020 WL 4586398, at *16 (S.D. Fla. Aug. 10, 2020) (awarding a 35% fee); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1257-58 (S.D. Fla. 2016) (awarding 33.33%); *Wolff v. Cash 4 Titles*, No. 03-22778-CIV, 2012 WL 5290155, at *5-6 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide—roughly one-third.") (citing Circuit case law and listing Southern and Middle District of Florida attorneys' fees awards); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1291 (11th Cir. 1999), *cert. denied*, 530 U.S. 1289 (2000) (affirming fee award of 33.33% of settlement).

The litigation costs, comprised of actual out-of-pocket costs Class Counsel reasonably and necessarily incurred and paid in connection with the prosecuting the Action and the Settlement, are reasonable. "Upon submission of adequate documentation, plaintiffs' attorneys are entitled to reimbursement of those reasonable and necessary out-of-pocket expenses incurred in the course of activities that benefitted the class." *Morgan*, 301 F.Supp.3d at 1258. *See also Fortra*, 2025 WL 2675178, at *14; *Fortra*, 2025 WL 457896, at *12. Further, pursuant to Fed. R. Civ. P. 23(h), a trial court may award nontaxable costs that are authorized by law or the parties' agreement. *See also Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 549 (S.D. Fla. Jan. 8, 1988) (noting plaintiffs' counsel is entitled to reimbursement from the class fund for reasonable expenses).

**RELEASES, DISMISSAL, AND RETENTION OF JURISDICTION**

With the exception of those listed on ***Exhibit A***, the Court adjudges that the Class Representative and all Settlement Class Members are bound by this Final Approval Order.

Because the Court approves the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Agreement, including the payment of Valid Claims, attorneys' fees and costs, and the Settlement Administration Costs.

As of the Effective Date, the Releasing Parties hereby fully and irrevocably release and forever discharge the Released Parties of and from the Released Claims. Notwithstanding, the Releases shall not interfere with a Settlement Class Member's right to communicate with a government or law enforcement agency regarding any inquiries involving the Data Incident.

Upon the entry of this Final Approval Order, with the exception of Class Counsel, Defendant's Counsel, Defendant, and the Class Representative's implementation of the Settlement and the approval process in this Action, all Settlement Class Members shall be enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims.

Any residual funds remaining in the Settlement Fund 240 days following the date Settlement Class members are sent an email to select their form of payment shall be distributed to the Legal Aid Society of Palm Beach County (https://legalaidpbc.org) as the *cy pres* recipient. The Court finds that its mission matches the goals of this Action to redress and protect privacy rights for consumers.

The Court hereby decrees that neither the Agreement, nor this Final Approval Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of

any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Final Approval Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendant or the other Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

Without affecting the finality of this Final Approval Order, the Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

In the event the Effective Date of the Settlement Agreement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for

Final Approval is **GRANTED**. This case is **DISMISSED** *with prejudice*. No costs shall be awarded other than specified in this Final Approval Order or provided by the Settlement Agreement. The Clerk of the Court is **ORDERED** to **CLOSE THIS CASE**. All pending motions are **DENIED AS MOOT**, all deadlines are **TERMINATED**, and all hearing are **CANCELLED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 18th day of November, 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE